KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—March, 1883.

## GODDARD v. PUBLIC ADMINISTRATOR.

*In the matter of the grant of letters of administration upon the estate of* CHARLES W. GODDARD, *deceased.*

The details of administration of an intestate's estate are of such a nature as to render it more fitting that the duties of an administrator should be performed by an individual than by a corporation.

L. 1877, ch. 154, § 4, relating to the public administrator of Kings county, and providing that " such public administrator shall have absolute and sole authority to collect, take charge of and administer upon the goods, chattels, personal estate and debts of persons dying intestate," etc., was modified by the later enactment, L. 1877, ch. 383, § 1, relating to the Brooklyn Trust Co., and providing that the "Surrogate *may*, at the request of any party interested in the estate, whether as creditor or beneficiary, grant letters of administration on said estate to said company," to the extent only of giving the Surrogate a discretion, to be exercised in favor of the company, in a proper case. The latter act was not mandatory.

But, *it seems*, that L. 1882, ch. 124, giving to the public administrator "the prior right and authority" to administer, in all cases, next after the next of kin, has deprived the Surrogate of such discretion, the public administrator being now entitled, as against that company, in every case within the statutes relating to his office.

APPLICATIONS by L. Josephine Goddard and others, and by the public administrator of Kings county, for letters of administration on decedent's estate. The facts appear sufficiently in the opinion.

BERGEN & DYKMAN, *for L. Josephine Goddard and others.*

CHARLES H. OTIS, *for public administrator.*

THE SURROGATE.—There are two applications pending in the above entitled matter: one is on behalf of Lettie A. Reitz, L. Josephine Goddard and Lydia Goddard Arnzen, for letters of administration to issue to the Brooklyn Trust Company; and the other is by the public administrator in Kings county, for letters to issue to himself.

The first application is opposed by the public administrator, who insists that he has the prior right to administer, under L. 1877, ch. 154, as amended by L. 1882, ch. 124.

The second application is opposed by L. Josephine Goddard, who insists that the Brooklyn Trust Company has the prior right to administer under L. 1877, ch. 383.

L. 1877, ch. 154, § 4, passed April 17th, 1877, reads as follows: "Such public administrator shall have absolute and sole authority to collect, take charge of and administer upon the goods, chattels, personal estate and debts of persons dying intestate." On the other hand, the counsel for the Trust Company insists that it is entitled, under the latter portion of L. 1877, ch. 383, § 1, passed June 2d, 1877, which provides as follows: "Said court or Surrogate may, at the request of any party interested in the estate, whether as creditor or as beneficiary, grant letters on said estate to said company;" and that the word *may* must be construed *shall.*

If the construction contended for is the correct one, it would deprive the Surrogate of the discretion which I think the legislature intended to give him.   But I think the legislature meant just what is expressed in the act, viz: that the Surrogate may grant letters, etc., to the Trust Company in his discretion, for if it was to be mandatory, they would have substituted the word *shall* for may.   It was a discretion given to a judicial officer, to be exercised in favor of the Trust Company, in a proper case.

If the laws above quoted were the only ones affecting the right of the parties in question to administer, I think this act would modify the one of the public administrator, to the extent of permitting the Surrogate to exercise his discretion in the granting of letters of administration.

I am, therefore, of the opinion that the act of the Trust Company did not repeal the act of the public administrator of 1877, but that both must stand and be construed together.   But the public adminstrator contends that, while he had the absolute authority to administer, etc., before the Trust Company act of 1877, even if the Surrogate might, under the Trust Company act of that year, exercise his discretion in favor of the company, yet under L. 1882, ch. 124, he is prevented from exercising that discretion, and that letters must now be granted to him.

Section 4 of said act provides as follows:   "Such public administrator shall have the prior right and authority to administer, etc.," in all cases next after the next of kin.

It would, therefore, seem from the above that the Sur-

rogate has been deprived of that discretion. On the most favorable construction for the Trust Company, under these acts, the Surrogate had, at most, only discretionary power to grant letters to them before the act of 1882. But even if the effect of the amendment of 1882 to the public administrator's act be to limit the powers theretofore exercised by him, and not to confer additional powers as against the Brooklyn Trust Company's claim, still, in the exercise of my judicial discretion, I should grant letters of administration in this case to the public administrator. The details of administration are of such a nature as to render it more fitting that the duties of an administrator should be performed by an individual rather than a corporation.

There are no investments to be made, as in the case of a guardian, trustee or committee of a lunatic. The duties of an administrator are all matters of detail, such as marshaling the assets of the deceased, advertising for creditors to present their claims, determining the validity of claims presented, paying debts, and finally distributing the fund among those entitled as next of kin. These duties require a personal supervision, and in my opinion will be better performed by the public administrator, whose special fitness for the discharge of such offices is well recognized.

The application of the next of kin is denied, and that of the public administrator granted.

Let decrees be entered accordingly.